UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHN COLLISON                                                                                          PLAINTIFF

V.                              CASE NO. 4:19-CV-00731-BD

ANDREW SAUL, Commissioner
Social Security Administration[1]                                                            DEFENDANT

ORDER

## I. Introduction:

On April 18, 2016, John Collison applied for disability benefits, claiming disability beginning on November 23, 2014.[2] (Tr. at 10) Mr. Collison's claims were denied initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge (ALJ) denied Mr. Collison's application. (Tr. at 23) Mr. Collison requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision stands as the final decision of the Commissioner. Mr. Collison filed this case seeking judicial review of the decision denying his benefits.

## II. The Commissioner's Decision:

---

[1] On June 6, 2019, Andrew Saul became Commissioner of the Social Security Administration. He is substituted, therefore, as the Defendant. Fed. R. Civ. P. 25(d)

[2] Mr. Collison previously applied for disability benefits, and the prior ALJ determined, based on an RFC for a limited range of sedentary work, that he was not disabled for the relevant time-period of that claim, which was January 8, 2013 through October 22, 2014. (Tr. at 70)

The ALJ found that Mr. Collison had not engaged in substantial gainful activity since the alleged onset date of November 23, 2014. (Tr. at 12) At step two of the five-step analysis, the ALJ found that Mr. Collison had the following severe impairments: degenerative disc disease of the lumbar and thoracic spine, arthritis of the right hand, depressive disorder, and anxiety disorder. *Id*.

After finding that Mr. Collison's impairments did not meet or equal a listed impairment (Tr. at 14), the ALJ determined that Mr. Collison, nonetheless, had the residual functional capacity (RFC) to perform light work with the following limitations: he could only occasionally climb ramps and stairs, and can only occasionally balance, stoop, knee, crouch, and crawl; he could only occasionally be exposed to extreme cold and vibration; he could frequently handle; never climb ladders, ropers, or scaffolds; and could never be exposed to unprotected heights and dangerous moving machinery. *Id*. The ALJ further found that Mr. Collison could understand and remember workplace instructions and sustain attention and concentration to complete workplace tasks with regular breaks every two hours. *Id*. He could interact as needed with supervisors and coworkers, could occasionally interact with the public, and could adapt to occasional workplace changes. (Tr. at 15)

Based on the RFC finding, the ALJ determined that Mr. Collison was unable to perform any past relevant work (Tr. at 21) At step five, the ALJ relied on the testimony of a Vocational Expert (VE) to find, based on Mr. Collison's age, education, work

experience and RFC, that Mr. Collison was capable of performing work in the national economy as bakery worker, ticket taker, and office helper. (Tr. at 22) Thus, the ALJ determined that Mr. Collison was not disabled. *Id.*

### III. Discussion:

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the Commissioner's decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

#### B. Mr. Collison's Arguments on Appeal

Mr. Collison maintains that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He asserts that: (1) the ALJ erred at step two in his determination that irritable bowel syndrome, migraine headaches, hypertension, insomnia, and hyperlipidemia were non-severe impairments; (2) the ALJ did not properly evaluate Mr. Collison's subjective complaints; (3) the RFC for light work did not fully incorporate Mr. Collison's limitations; and (4) the doctrine of collateral estoppel

precluded the ALJ from finding that Mr. Collison could perform light work.

Mr. Collison maintains that his irritable bowel syndrome, migraine headaches, hypertension, insomnia, and hyperlipidemia should have been ruled to be severe impairments at step two. In his opening brief, however, he does not cite to any record evidence supporting this contention. *See Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 634 (8th Cir. 2007) (points not meaningfully argued in an opening brief are waived). Nevertheless, the Court will assess his assertions.

As for irritable bowel syndrome, an EGD test and a colonoscopy from January 2015 were essentially normal except for hemorrhoids. (Tr. at 384-386) There is minimal evidence of treatment for this condition.

Stress-related migraine headaches were a problem for Mr. Collison, and he was prescribed medication for the headaches. (Tr. at 577-582) In May 2015, Mr. Collison told his doctor that he was no longer having headaches and had stopped taking headache medication. (Tr. at 541)

Mr. Collison was treated conservatively for hypertension; that is, with home monitoring and medication. His cardiovascular examination was normal. (Tr. at 851-853) The ALJ noted that hypertension did not seem to complicate any of Mr. Collison's other conditions. (Tr. at 13) Mr. Collison reported that Trazodone helped with insomnia. (Tr.

4

at 49-50) And, he did not describe any serious problems or complications arising from his diagnosis of hyperlipidemia. (Tr. at 13)

Conservative treatment, positive response to medication, and lack of physician-imposed restrictions support the ALJ's finding that these impairments were non-severe. In any event, the ALJ considered all impairments, both severe and non-severe, in arriving at Mr. Collison's RFC.

Mr. Collison next contends that the ALJ did not properly evaluate his subjective complaints. When evaluating a claimant's subjective complaints of pain, the ALJ must consider: objective medical evidence; the claimant's work history; other evidence relating to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; the dosage, effectiveness, and side effects of medication; and the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*.

Social Security Ruling 16-3p removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. 2016 SSR LEXIS 4 ("SSR 16-3p"); 20 C.F.R. §§ 404.1527, 404.927. SSR 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors (previously described by ALJs as the

*Polaski* factors, listed above) that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017); *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984). Contrary to Mr. Collison's argument, there is no error in an ALJ's failure to mention the *Polaski* case. An SSR 16-3p discussion suffices.

Mr. Collison's complaints of pain were inconsistent with the record as a whole. He complained of back pain that radiated to his legs during the relevant time-period. (Tr. at 772-789, 964-1039) His neurologist, Dr. David Oberlander, M.D., treated him from 2014 through 2018. *Id*. He observed tenderness and back spasms, with altered gait at some appointments. *Id*. However, objective imaging showed only mild-to-moderate conditions, and Mr. Collison's range of motion in his back was generally normal. (Tr. at 812-813, 949-950) Objective tests showing mild-to-moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004).

Mr. Collison stopped taking prescription Percocet (Tr. at 775-777) and he said that conservative treatment such as Voltaren gel helped with pain. (Tr. at 45-46) Dr. Oberlander recommended exercise, heat, and ice to mitigate pain. (Tr. at 18-19) A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Dr. Oberlander did not recommend surgery and Mr. Collison testified that he had never tried physical therapy. (Tr. at 44-45)

While Mr. Collison complained of disabling pain, the ALJ properly considered the familiar factors and found the complaints inconsistent with the balance of the record.[3] For example, the ALJ considered that Mr. Collison could perform some activities of daily living, such as watching television, reading, doing laundry and going outside. (Tr. at 14-20) He also addressed medication side effects that Mr. Collison experienced; and he discussed the relevant medical findings. *Id*. He detailed treatment regimens for all of Mr. Collison's conditions. *Id*. The ALJ correctly analyzed Mr. Collison's subjective complaints.

Next, Mr. Collison's conditions did not show that he was unable to perform light exertional work. He argues that a prior RFC finding assigning him to sedentary work bound the current ALJ to the same exertional level finding in his RFC determination. The doctrine of collateral estoppel, he contends, undermines the current RFC. But, the instant application for benefits concerned a time period after the prior application's relevant time period; therefore, the ALJ was not bound by the prior RFC finding. *See Hardy v Chater*, 64 F.3d 405-407 (8th Cir. 1995)(holding that collateral estoppel was not applicable because the subsequent administrative decision involved a different period of time and a different administrative record). Collateral estoppel does not apply here.

---

[3] The ALJ also properly discounted Dr. Oberlander's statement that Mr. Collison was completely disabled for the reasons enumerated above. (Tr. at 21)

## IV. **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly considered Mr. Collison's impairments at step two; he performed a thorough evaluation of Mr. Collison's subjective complaints; and the doctrine of collateral estoppel does not apply here. The finding that Mr. Collison was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, AFFIRMED. The case is dismissed, with prejudice.

IT IS SO ORDERED, this 26th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE